May Term, 1858.

THE STATE
v.
TURNER.

------------

THE STATE on the relation of CLARK *v.* TURNER and Others.

The Circuit Court has exclusive jurisdiction of suits on the bonds of administrators, &c., where the damages claimed are laid at 1,000 dollars or upwards.

APPEAL from the *Hendricks* Court of Common Pleas. DAVISON, J.—This was a suit by the state on the relation of *Clark*, administrator *de bonis non* of the estate of *Job Turner* deceased, against *Isabella Turner*, former administratrix of the decedent, and her sureties on her bond, &c. The bond is in the penalty of 15,000 dollars, and is conditioned in the usual form, for the discharge of the duties of the administration, &c. For breaches it is alleged that she, *Isabella*, had failed to account to the Common Pleas, or to the relator as administrator *de bonis non*, for 6,470 dollars, money which had come to her hands as administratrix; that she had failed to use due diligence in the collection of money, &c.; and that she had converted to her own use a large amount of money belonging to the decedent's estate. Damages are laid and claimed to the amount of 2,000 dollars. Demurrer to the complaint sustained, and final judgment for the defendants.

The main question to settle is, had the Common Pleas jurisdiction?

Section 11 of an act to establish that Court, approved *May* the 14th, 1852, provides that, "in all civil cases, except for slander, libel, breach of marriage contract, action on

Friday,
June 18.

official bond of any state or county officer, and where the title to real estate shall be in issue, the Common Pleas shall have concurrent jurisdiction with the Circuit Court, when the sum due or demanded, or damages claimed, shall not exceed one thousand dollars." And § 5 of the act providing for the organization of Circuit Courts, approved *June* 1, 1852, declares, "That such Courts, in their respective counties, shall have original, exclusive jurisdiction in all cases of slander, libel, breach of marriage contract, and when the title to real estate shall be in issue, and in all other civil actions where the amount involved is one thousand dollars or upwards." 2 R. S. pp. 6 and 18.

These sections are relied on in support of the demurrer, and they seem to be effective for that purpose; because the suit in this case was plainly a civil action within the meaning of both enactments, and being so, the damages claimed are an amount to which the jurisdiction of the Common Pleas does not extend.

But the appellant refers to §§ 4, 5, and 8 of the above act of *May*, 1852, and contends that they fully sustain the jurisdiction.

We think differently. The fourth section gives the Common Pleas original and exclusive jurisdiction of all matters relating to the settlement and distribution of decedents' estates, and all actions against executors and administrators.

The fifth, confers upon the Circuit and Common Pleas Courts concurrent jurisdiction in all actions against heirs, devisees, and *sureties* of executors, administrators and guardians. And the eighth allows guardians, executors and administrators to sue in the Common Pleas any and all persons against whom any claim, debt or demand of any kind whatever accrues to them in such fiduciary capacity. The fourth and eighth sections evidently do not contemplate suits upon administration bonds, and are, therefore, not applicable to the case at bar. They simply authorize suits in favor of and against the executor or administrator alone, in his fiduciary capacity; but in this instance, the suit is by the state, and not by the administrator, and is against the former administratrix—one who is not clothed

with such capacity—and her sureties. We have decided that the suits which these sections contemplate are not limited by § 11 of the same act; because they are not within the meaning of the terms civil cases as used in that section. *Fleece* v. *The Indiana, &c, Railroad Co.* 8 Ind. R. 460.

The concurrent jurisdiction given by the fifth section, so far as it relates to sureties of executors or administrators, must be limited to within 1,000 dollars; otherwise the eleventh section of the Common Pleas act, and the fifth section of the act organizing Circuit Courts, to which we have referred, cannot be reconciled. Both contemplate civil actions. See *Fleece* v. *The Indiana, &c., Railroad Co., supra.* And as the latter expresses the last intent of the legislature, we are inclined to hold that the Circuit Court has exclusive jurisdiction in all such actions, when the damages claimed are laid at one thousand dollars or upwards. It follows that the present suit, being upon an administration bond, and a civil action for the recovery of 2,000 in damages, the Common Pleas had no jurisdiction.

*Per Curiam.*—The judgment is affirmed with costs.

*C. C. Nave*, for the state.

*H. C. Newcomb, J. S. Harvey* and *J. M. Gregg*, for the appellees.